JAMES C. McKEE *vs.* DANIEL W. VINCENT and others.

### July 6, 1885.

**Master and Servant — Uncompleted Contract — Quantum Meruit.—**
Where a party entered upon and continued for a time in the service of another, after negotiations had in respect to the terms of a contract under which the services were expected to be performed, but which terms were not finally agreed on and no contract was completed, he was held entitled to recover for the value of services actually rendered as upon a *quantum meruit.*

Appeal by defendants from an order of the district court for Hennepin county, *Young, J.,* presiding, refusing a new trial after a verdict for plaintiff.

*Scott, Longbrake & Van Cleve,* for appellants.

*Foster & Ladd,* for respondent.

VANDERBURGH, J.   The plaintiff sues upon a *quantum meruit,* for the value of services alleged to have been performed for defendants. The defendants allege that plaintiff was employed under a special contract to sell goods upon commission, and to be responsible for one-half the bad debts made by him in effecting sales, and they insist that the verdict in plaintiff's favor is not sustained by evidence, and that it was manifest error on the part of the trial court to refuse to set it aside.   It is contended that plaintiff's own evidence shows that he was working under a special agreement for a commission.

We think, however, upon a fair construction of his evidence, taking it to be true, that it tended to show that he went into defendants' employment with the understanding that he was to make sales upon commission, but the terms of a contract were not settled upon by the parties; that a contract was drawn up but not signed, and the negotiations were thereafter renewed from time to time, but an agreement mutually obligatory was not finally made between them. In other words, taken together, the evidence on plaintiff's behalf tends to show that the parties never actually came to an agreement, though looking towards it, and plaintiff continued in the employment of defendants in expectation of it. The evidence in defendants' behalf is strongly to the contrary, but we cannot say that the trial court abused its discretion in refusing a new trial, considering its superior advantages for obtaining a correct impression of the merits of the case.

Order affirmed.