WILLIAM RITCHEL v. C. A. REMINGTON, R. D. REMINGTON AND W. A. REMINGTON.[1]

April 6, 1923.

No. 23,292.

**Plaintiff had no share in business of defendants.**

1. The evidence sustains the court's findings that plaintiff, an employe of defendants, had no agreement either for an interest in the business or a share of the profits.

[1]Reported in 193 N. W. 32.

Case remanded with leave to plaintiff to apply for quantum meruit.

2. In view of plaintiff's claim that if proof fails to establish such agreement the minds of the parties never met and he is entitled to recover on a quantum meruit, and defendant's consent to a determination of that issue, the case is remanded with leave to plaintiff to apply for such a determination.

Action in the district court for St. Louis county for the dissolution of a partnership and for an accounting. The case was tried before Hughes, J., who made findings and dismissed the complaint. From an order denying his motion for amended findings and conclusions or for a new trial, plaintiff appealed. Affirmed.

*Austin & Austin* and *Charles T. Wangensteen,* for appellant.

*Fryberger, Fulton, Hoshour & Ziesmer,* for respondents.

HALLAM, J.

1. This action was brought upon an alleged partnership agreement for a dissolution of the partnership and an accounting. The trial court found that no partnership was ever formed and also found that defendants are not indebted to plaintiff in any amount. Plaintiff appeals.

In 1918 and 1919 defendant C. A. Remington was engaged in the lumber business at Hibbing, Minnesota. His son, defendant W. A. Remington, was actively engaged in the business with him. Defendant R. D. Remington, another son, was employed in the business, except when in military service.

Plaintiff was in the employ of a mining company at Duluth, at $225 a month. In February, 1919, after considerable negotiation, plaintiff entered the Remington employ. Their agreement, whatever it was, was verbal. The parties agree that plaintiff was to receive $150 a month. Plaintiff claims that it was agreed that he was also to receive a 5 per cent interest in the business, and was to become a partner. The partnership assets, he alleges, were worth $550,000. Plaintiff's testimony on this point is vigorously denied, and the trial court found against him. Inasmuch as plaintiff invested nothing, and bound himself to work for defendants for no definite time, his claim of the gift of so large an interest in the business seems quite improbable, and this finding of the court is abundantly sustained.

Plaintiff contends that, if this claim is not sustained, the court should have found an agreement that he was to receive 5 per cent of the profits in addition to his fixed salary. His testimony bearing on this point is directly denied and the court found against him. This finding also is sustained by the evidence.

2. Plaintiff's next contention is that, if the agreements he claims were not established, then the minds of the parties never met, and plaintiff is entitled to the reasonable value of his services. He. has not asked to recover on that theory, but he contends that the finding of the court that defendants are not indebted to plaintiff, forecloses the assertion of any such claim in another action. The law is well settled that, if by agreement of parties, one agrees to work for another, and does so, but full agreement as to compensation has not been made, the person employed may recover the reasonable value of his services. McKee v. Vincent, 33 Minn. 508, 24 N. W. 253. The court did not find specifically as to whether this situation existed or not. This issue was in fact not litigated, though much of the testimony introduced would bear upon such an issue. Plaintiff is doubtless right in saying that the finding that defendants are not indebted to plaintiff will embarrass plaintiff, should he commence another action on a quantum meruit. Defendants reply, however, by expressing a willingness that the trial court make findings upon this issue, on the evidence already received, or such further evidence as the court may receive. This procedure may require the taking of some further testimony, but it will have the virtue of finally disposing of all controversy in this action, and of dispensing with the necessity of taking the time of court and witnesses in going over in another action the details of the negotiation so fully examined on this trial. We approve of this, and the case is affirmed, with leave to take, in the trial court, such steps as may be necessary to secure a full determination of plaintiff's alleged claim of quantum meruit.

Affirmed.