MAX KANEVSKY AND ANOTHER v. NATIONAL COUNCIL OF
KNIGHTS AND LADIES OF SECURITY.[1]

April 28, 1916.

Nos. 19,810—(18).

**Order appealable — abatement of action by death —injunction — laches.**

In this action to recover on a beneficiary certificate issued by defendant to an insured member, the trial court refused an application of defendant to enjoin the prosecution of this action until a prior suit in equity, brought by defendant against the insured in his lifetime, to cancel the certificate, had proceeded to judgment. It is *held:*

(1) The order is appealable.

(2) The suit to cancel the policy did not abate on the death of the insured; the jurisdiction of the court over the suit was not lost by the death of the defendant, or by the fact that plaintiff then had an adequate remedy at law by the way of defense to an action on the certificate, or by the fact that such action at law was begun before the beneficiaries were substituted as defendants in the equity suit. Following National Council of Knights and Ladies of Security v. Weisler, 131 Minn. 365, 155 N. W. 396.

(3) The rule that where a court of equity once acquires jurisdiction, it will retain it, proceed to a decree, and as an incident will restrain the prosecution of actions at law subsequently commenced which interfere with the exercise of its jurisdiction, is applied to the facts in this case. The suit to cancel the policy was pending when the action at law was commenced and the court had full jurisdiction of the parties and subject matter. Prosecution of the action at law should be restrained until the suit to cancel the policy proceeds to judgment.

(4) Defendant did not abandon the action to cancel the policy or its right to enjoin the prosecution of this action because it failed to plead in its answer the pendency of the former suit.

(5) Defendant was not guilty of such delay or laches as should defeat its right to the relief asked.

Action in the district court for Ramsey county to recover $2,000 upon defendant's benefit certificate upon the life of Joseph Kanevsky. From

[1]Reported in 157 N. W. 646.

an order, Michael, J., denying defendant's motion for an order restraining plaintiff from proceeding with the trial thereof until final judgment should have been entered in a certain other action instituted by defendant to cancel the benefit certificate of decedent, defendant appealed. Reversed.

*William G. White,* for appellant.

*A. J. Hertz and James E. Markham,* for respondents.

BUNN, J.

In February, 1907, defendant, a fraternal beneficiary society, issued a benefit certificate to Joseph Kanevsky. On April 15, 1914, defendant instituted an action to cancel the certificate. Joseph Kanevsky was the defendant in this action, and the complaint stated facts, which, if true, entitled the society to the relief demanded, the cancelation of the certificate and an injunction against attempting to enforce it by action. Kanevsky answered in that action, plaintiff therein replied, and the case was at issue. Before the case came on for trial, and on February 14, 1915, Joseph Kanevsky died. April 5, 1915, the present action was begun by the beneficiaries named in the certificate to recover the amount thereof. Defendant answered in this case April 20, 1915. On April 19 it caused to be served on the beneficiaries named in the certificate an application to the district court to substitute them as defendants in the action to cancel the certificate in place of Joseph Kanevsky, deceased. This application was granted, the beneficiaries thereafter answered the complaint, and plaintiff replied. The action was on the calendar of the February, 1916, term of the district court for trial, as was also the present case, the action at law to recover on the certificate. Thereupon defendant in this case applied to the court for an order enjoining and restraining plaintiffs from proceeding with the trial of this action until final judgment in the action to cancel the certificate. This application was denied by the trial court, and the case is before this court on an appeal by defendant from this order.

1. Plaintiffs contend that the order is not appealable. They construe it merely as an order denying a stay of proceedings in the action, and rely on Graves v. Backus, 69 Minn. 532, 72 N. W. 811. But the order was more than a mere denial of a stay of proceedings in an action. It

denied defendant's application for an order enjoining plaintiffs from proceeding with the trial of the action until the equity suit was determined. If the order either refused a provisional remedy or denied an application for an injunction it is appealable. G. S. 1913, § 8001, subd. 2.[1] The contention of plaintiffs is not sustained.

2. Did the learned trial court err in refusing to enjoin plaintiffs from proceeding with the trial of this action until the action in equity brought by defendant to cancel the certificate was heard and determined?

The court had undoubted jurisdiction of the parties and the subject matter in the action to cancel the certificate. Its equity powers were invoked and properly so. Joseph Kanevsky answered and the case was at issue. It is also clear that the action did not abate on Kanevsky's death; the cause of action survived, and the fact that plaintiff then had an adequate remedy at law by way of a defense to an action on the policy by the beneficiaries did not oust the court of jurisdiction or abate the suit. These propositions, and the right to substitute the beneficiaries as defendants, are thoroughly established by our decision in National Council of Knights and Ladies of Security v. Weisler, 131 Minn. 365, 155 N. W. 396.

In the Weisler case, as in the case at bar, the beneficiaries commenced an action at law on the certificate before they were substituted as defendants in the action to cancel the certificate. This fact was held in the Weisler case not to oust the court of jurisdiction in the equity suit, or to prevent a substitution. But what good does a substitution of parties defendant in the equity suit accomplish if the action at law is to proceed to judgment before the suit is tried and determined? When we concede that the suit to cancel the certificate did not abate on the death of Kanevsky, that the facts that the insurer then had an adequate remedy at law, and that the action at law in which the remedy could be had was already instituted, are not enough to oust the court of jurisdiction in the equity suit, or to justify refusing to substitute the beneficiary as defendants in that suit, it would seem inconsistent to then say that the action at law may proceed to judgment first, leaving the action to cancel the certificate in the air.

3. We are unable to see why the case is not controlled by the familiar rule that, where a court of equity once acquires jurisdiction of the parties

[1][R. L. 1905, § 4365]

and of the subject matter of an action, it will retain jurisdiction and proceed to a decree, and as an incident will restrain the prosecutions of actions at law subsequently commenced which interfere with the exercise of its jurisdiction. This principle of equity has been applied to several cases in which the facts are very similar to those in the case at bar. Mutual Life Ins. Co. v. Blair, 130 Fed. 971; German Ins. Co. v. Downman 115 Fed. 481, 53 C. C. A. 213; Riggs v. Union Life Ins. Co. 129 Fed. 207, 63 C. C. A. 365; Security Trust Co. v. Tarpey, 66 Ill. App. 589. In each of these cases the insured died after the court had acquired jurisdiction of the parties and the subject matter in the action to cancel his policy, and in each it is held distinctly that the court would proceed to a final decree and incidentally restrain an action at law on the policy. We are referred to no authority to the contrary, and regard these cases as very persuasive if not controlling. It can make no difference that the relief was asked in this action rather than in the equity suit.

We see nothing to take the present case out of the principle of those cited. It is true that this action was commenced before the substitution in the equity suit. But this is not material. The cause of action survived, and the suit did not abate. The date of the substitution does not fix the time of the commencement of the suit, so as to make it subsequent to the action at law. Equity did not lose its jurisdiction or control over the controversy on the death of the defendant. It could not go on with the exercise of its jurisdiction until there was a substitution, but it surely cannot be said that the death in any way affected the control of equity over the controversy. The equity suit was pending when the present action was begun.

4. It is urged that defendant waived its right to restrain the prosecution of this action by answering to the merits without pleading the pendency of the equity suit. We do not think this is correct. Granting that defendant might have set up this plea of another action pending, although it had not then been determined that the other action was pending, we are unable to hold that its failure to do so constituted an abandonment of the other action, or a waiver of the right of defendant to have the prosecution of the present action enjoined.

5. Nor is there merit in the suggestion that defendant has lost its right by delay or laches. It asked for the substitution promptly, and it could hardly make the application for the injunction until this court had decided in the Weisler case that the action was pending and the substitution proper.

A good deal is said about depriving plaintiffs of the right to a jury trial. This argument has no weight when the suit to cancel the policy is begun before a loss, all courts agreeing that equity has jurisdiction of such cases, and the situation is not changed because there is now an adequate remedy at law, or because the action on the policy has been begun and is pending. Where the action to cancel the policy is brought after the death of the insured, it cannot be maintained because the remedy at law is adequate, and the right to a trial by jury has been used as an additional argument.

The granting or refusing of the relief asked was in no sense discretionary with the trial court. We hold that defendant was entitled, as a matter of right, to have the prosecution of this action restrained until the determination of the suit to cancel the certificate.

Order reversed.