## WILLIAM RITCHELL v. C. A. REMINGTON AND OTHERS.[1]

May 9, 1924.

No. 23,900.

**Action at law enjoined after plaintiff had leave to proceed with suit in equity.**

Plaintiff brought a suit in equity to have an alleged copartnership dissolved, an accounting of its affairs, including his claim for wages based upon a specific agreement as to amount, and for judgment in accordance therewith. *Held* that in this, a subsequent action at law, to recover for the same services, upon a quantum meruit basis, he was, under all the circumstances, properly enjoined from further prosecuting this action.

Action in the district court for St. Louis county to recover $15,000. Defendants' motion to restrain plaintiff from further prosecution of the action until a certain former action between the parties had reached final judgment, was granted, Hughes, J. From the order granting the injunction, plaintiff appealed. Affirmed.

*Austin, Austin & Wangensteen,* for appellant.

*Fryberger, Fulton, Hoshour & Ziesmer,* for respondents.

QUINN, J.

Plaintiff brought a former action in equity to have dissolved an alleged copartnership between himself and the defendants, for an accounting of the partnership affairs, including his claim for wages, and for judgment in accordance therewith. After trial the court found and determined that there was no partnership and that the

[1]Reported in 198 N. W. 813.

defendants were not indebted in any way to the plaintiff. An appeal was taken to this court where on April 6, 1923, a decision was filed affirming the order appealed from, but granting leave to plaintiff to take such steps as he might be advised therein, to secure a full determination upon the quantum meruit of his claim for services. 155 Minn. 154, 193 N. W. 32.

Plaintiff brought the present action at law, on May 4, 1923, to recover the reasonable value of his services, without applying to the court in the former action in accordance with the leave accorded him by the decision of this court, to there have his claim fully litigated and determined upon a quantum meruit basis. Upon application duly made by the defendants the court, after a full hearing, issued an order granting an injunction, restraining the plaintiff from further prosecuting this action, from which order this appeal was taken.

By reference to the complaint and decision in the former action it will be observed that the plaintiff there sought to recover for the same services referred to in the present action, under an express agreement that he was to receive for such services a fixed salary of $150 per month and, in addition thereto, 5 per cent of the net earnings of the partnership. In the former action he did not ask to recover upon a quantum meruit, nor was the claim litigated upon that theory, yet much of the testimony bore directly in that direction. However he did ask in that suit to have determined what amount, if any, the defendants were indebted to him for such service, and for judgment in accordance therewith. That question was fully litigated and passed upon by the trial court and findings were made adversely to the claim of the plaintiff. In that action it was conceded that where, by agreement of the parties, one consents to serve another, and does so, but full agreement as to compensation is not made, the employe may recover the reasonable value of his services. Under that situation the defendants stated that they would offer no objection to a finding by the trial court therein, upon the theory of the reasonable value, based upon the evidence as it then stood, or upon further testimony. With that concession by the defendants and upon request of the plaintiff that he be given

leave to further litigate his claim for wages upon the theory of the reasonable value thereof, as a part of the record in the case, the leave was granted as above stated. Upon appeal in that case, it was contended on behalf of the plaintiff that, if the agreement there contended for were not sustained, then the minds of the parties never met, and he was entitled to recover the reasonable value, in that action, otherwise he would be forever foreclosed upon his claim.

It is perfectly clear that in the former action plaintiff chose his own forum and the form of action which he deemed most fitting to his cause of action. Whether the services rendered were under a special agreement and whether the defendants were indebted to him on account of such services, were fully litigated and determined, but under the circumstances this court saw fit to allow him to make application in that action to change front and have his claim determined upon the theory suggested. This was all done at plaintiff's request and without objection on the part of defendants, and we see no just reason why the plaintiff should not be held to the line of procedure which was granted him at his special request. No final judgment, as we understand, has yet been entered in the former suit. Appellant may yet pursue the method which he invited in that action. Under the liberal concession of the defendants an amendment of the pleadings would hardly seem necessary. However, that would be a matter for the trial court, under the circumstances. There is no longer any reason for confusion in this state as to the pleadings in this class of actions. In Meyer v. Saterbak, 128 Minn. 304, 150 N. W. 901, it was held that where a complaint declares upon a quantum meruit, for the reasonable value of services, and the evidence discloses that defendant agreed to pay a specified price therefor, there is at most a mere variance, and that when it appears that defendant was not misled thereby to his prejudice, a recovery of the agreed price is proper. See also Kruta v. Lough, 131 Minn. 13, 154 N. W. 514; Northwestern Marble & Tile Co. v. Swenson, 139 Minn. 365, 166 N. W. 406; James E. Carlson, Inc. v. Babler, 144 Minn. 125, 174 N. W. 824. Under the proceedings that have been had, if the plaintiff wishes to further litigate his claim, his remedy is with the lower court in the former action. The order granting an injunction should stand.

Affirmed.