## Lieber's Estate.

Argued April 21, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Ralph S. Croskey,* of *Croskey & Edwards,* with him *Theodore L. Reimel,* for appellant.

*Thomas Stokes,* of *Pepper, Bodine, Stokes & Schoch,* for appellee.

OPINION BY MR. JUSTICE DREW, May 12, 1941:

Under the will of G. Norman Lieber, deceased, the Philadelphia Trust Company, now the Fidelity-Philadelphia Trust Company, was appointed trustee of a trust established in favor of Lieber's grandson, Francis Lieber. At the audit of the trustee's final account objection was made by the beneficiary to certain investments which had been made by the trustee, but the account was confirmed nisi by the auditing judge. Exceptions to the adjudication having been dismissed and the adjudication having been confirmed absolutely by the court en banc, this appeal was taken.

The pertinent facts may be briefly stated as follows: under the terms of the will[1] the trustee was authorized

---

[1] By the terms of Item XIII of the will one-third of the testator's residuary estate was given to the Philadelphia Trust Company, now the Fidelity-Philadelphia Trust Company, ". . . IN TRUST, to hold, manage, invest and reinvest the same and to keep the same invested, to collect the income therefrom and to pay the net income thereof unto Genevra N. Lieber, . . . to be used as she may deem best for the benefit of her son, Francis Lieber, until he shall attain the age of thirty (30) years, and the said Trustee is authorized, with the consent of the said Genevra N. Lieber first obtained, but not otherwise, to call in, change and alter investments so delivered to it as Trustee as aforesaid and also investments thereafter made. When the said Francis Lieber shall attain the age of thirty (30) years said Trustee shall set over, assign, convey, transfer and deliver said part unto him in absolute estate and in fee simple according to the nature of the property."

to pay the net income to Genevra N. Lieber, Francis' mother, to be used as she might deem best for the benefit of her son, a minor. It was also empowered to call in, change and alter investments delivered to it as Trustee or thereafter made, provided it had first obtained Mrs. Lieber's consent. She fully understood her responsibility and position, as shown by a letter[2] written by her to the trustee soon after the trust commenced on July 8, 1925. Thereafter she agreed with the trustee that certain securities should be sold and she suggested that the proceeds therefrom be invested in first mortgages, since a better rate of interest could be obtained from such investments. Her suggestion was followed at that time and later, in the years from 1926 to 1931, more first mortgages, the ones here in question, were invested in, admittedly without the express consent of Mrs. Lieber. She was informed of their purchase, however, and made no objection, receiving the income from them to be used for the benefit of her son, the quarterly statements by the trustee showing exactly from where all income came. Francis Lieber, now of age, seeks to have the trustee surcharged for the amount of money invested in these mortgages, contending that his mother never consented, as required, and that he has never affirmed such investments. The estate was excellently managed during the fourteen years of the trust. The average yearly income was in excess of 5.34 per cent

---

[2] The body of the letter reads as follows: "Referring to your suggestion, that the investments belonging to the above named estate [the estate of G. Norman Lieber, deceased] be converted into cash, and others obtained which are 'legal investments' under the laws of the District of Columbia, I have decided not to give my consent to the sale of any of the said securities, and in view of the fact that no changes in the securities received by you from the Executors of the Will of General Lieber can, under the terms of his Will be made by you unless I approve, I understand that none of the said securities will be sold, but will be retained by you as Trustee, unless I at some future time approve of the conversion of any of them and the investment in others."

on the principal amount of the trust which came into the possession of the trustee. The mortgages in question were legal investments and sound when made.

The definitive decree of the learned court below must be affirmed. By the terms of the will establishing the trust Mrs. Lieber was made her son's representative for the purposes of the trust and she continued as such throughout its existence, even after he came of age. While it is true there is no evidence of her express consent to these specific mortgages, it is also true that she requested the trustee to invest in mortgages shortly after the fund was received by the trustee. Mortgage investments were taken by the trustee because of this request, and although Mrs. Lieber had full knowledge of the fact, she did not once object to their purchase or retention. She was content to get the additional income thus provided. The net income was paid to her, she determined how it was to be used for her son's benefit, and all statements were sent to her, to explain the income payments. Furthermore, Francis Lieber himself testified that he did not concern himself with the sources of income, but left such matters to his mother. The auditing judge found as a fact that the subsequent actions of the mother and son were tantamount to an express approval. Being her son's representative, Mrs. Lieber's affirmance of the investments here in question may be implied from her failure to object within a reasonable time, when aware of all material facts and continually receiving benefits from the investments for him: *Macfarlane's Estate*, 317 Pa. 377, 383, and authorities cited therein. Her conduct amounted to an affirmance of the acquisition and retention of the mortgages, and her son is bound thereby. The fact that approval was subsequent to the investments is of no consequence: *Jacob's Trust Estate*, 320 Pa. 539, 542.

Decree affirmed.