## Walton Estate.

144

Argued September 30, 1943. Before MAXEY, C. J., DREW, LINN, PATTERSON and STEARNE, JJ.

 

*Lawrence D. Blair*, with him *Arthur W. Henderson* and *Moorhead & Knox*, for appellant.

*Park J. Alexander*, with him *W. I. King*, for appellee.

OPINION BY MR. JUSTICE PATTERSON, November 22, 1943:

This is an appeal by Clarence S. Walton from the refusal of the court below to surcharge the trustee of an estate of which he is a life tenant.

Annie F. Walton died July 17, 1929, and by her will bequeathed $25,000. to the Fidelity Trust Company, trustee-appellee, to pay the interest to her sister, Florence E. Farley, for life. Upon her decease the principal became part of the residuary estate which was given in equal shares to her four children. The share of Clarence S. Walton, however, was to be held in trust for his life, with remainder over.

On March 25, 1930, the account of the executor was filed and duly confirmed, and the $25,000. was awarded to appellee as trustee for Florence E. Farley for purposes specified in the will. The sum was invested as one of the participating interests in a mortgage given by John L. Walsh, trustee, dated April 3, 1930, for three years at six percent, hereafter known as the Walsh mortgage. Upon the death of Florence E. Farley, on August 2, 1935, appellee filed its final account, and the $25,000.

participation in the Walsh mortgage, not having been converted into cash, was distributed in kind,—$6,250. to each of the four children of Annie F. Walton. Appellant's share, however, was distributed to appellee as his trustee under the trust established by his mother. Appellee filed its account of the trust for Clarence S. Walton on April 24, 1942, and charged off as a total loss his interest in said mortgage. Appellant filed exceptions, alleging that the trustee was guilty of negligence (1) in accepting the mortgage by decree of distribution dated November 29, 1935, at the confirmation of its account of the Florence E. Farley trust; (2) in originally investing in the mortgage participation; and (3) in its administration of the trust investment throughout the years. The court below dismissed the exceptions to the adjudication of the account and refused the surcharge for the reason that appellant was well informed of the circumstances attending the administration of the trust estates, both as a remainderman and as a life tenant, and, having acquiesced in the administration of the estate by the trustee, cannot now contest the propriety thereof.

The province of this Court is to determine whether there is evidence to support the findings of the court below. As we said in *Frank's Estate*, 339 Pa. 499, 501: "It is evident that the questions before the court below were essentially of fact rather than of law. We are thus immediately confronted with a rule, which has the effect of a rule of law . . . that the findings of an auditing judge, approved by the court en banc, like the verdict of a jury, will not be reversed when supported by evidence or reasonable inferences therefrom . . ."

After a careful consideration of the record we conclude that there is sufficient evidence to warrant and justify the conclusion of the court below that appellant knew of the investment, and was sufficiently advised of all material facts, or of what he would have learned had he inquired, as to any subject in which he considered the information periodically given to him, as inadequate.

See *Wilbur's Estate*, 334 Pa. 45. Appellant knew that the $25,000. had to be invested to produce income to provide for the life interest of his aunt, Florence E. Farley. Pending investment of the same he had contributed, and knew that others contributed at other times, toward her maintenance. He knew appellee invested the money; he was thoroughly acquainted with the various employees of the appellee-trustee, and familiar with the bookkeeping of this trust, the ledger sheets of his account, the dates when payments were made to him, and procedures for obtaining advancements or loans upon his income. Frequently he went to appellee to request payment from his trust before the time for disbursement. Money was borrowed by him from appellee by assigning his income from the trust as collateral. On occasions he requested and was advanced sums of money from principal upon the consent of his brothers and sisters in whom such discretion was vested by testatrix. At numerous times when he went to the bank for advancements he would talk to Mr. Calpass, who had the ledgers containing his account before him. Frequently he inspected the ledger, and sometimes it was shown to him. He knew of the audit of the Florence E. Farley trust and admitted that there was a description of the Walsh mortgage on the first page of that account. His brother, J. Farley Walton, treasurer of the appellee trust company, testified that he discussed the delinquency in the Walsh mortgage with appellant and came to the understanding that the mortgage participation was to be distributed in kind. Quarterly statements of his trust were regularly sent him from February 1936 to and including August, 1942.

Appellant must be "regarded as having been sufficiently advised of the facts, or of what he would have learned if he had inquired as to any subject on which he considered the statements inadequate": *Wilbur's Estate*, supra, 57. He must, therefore, be chargeable with all material facts, and having done nothing for several

years must be considered to have acquiesced in the investments and administration of the trust estate. See *Lieber's Estate*, 342 Pa. 246; *Macfarlane's Estate*, 317 Pa. 377.

Decree affirmed. Costs to be paid by appellant.