Davidson Trust.

Argued April 12, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Charles E. Kenworthey,* with him *Schnader, Kenworthey, Segal & Lewis,* for appellant.

*H. James Sautter,* with him *Isaac J. Vanartsdalen,* and *C. Brewster Rhoads,* for appellee.

OPINION BY MR. JUSTICE JONES, May 27, 1946:

The appellant, as the beneficiary of an *inter vivos* trust of her own creation, questions the propriety and amount of compensation awarded by the Orphans' Court of Bucks County to the trustee and to the trustee's counsel for their services in matters relating to the trust.

The award to counsel was for the most part for their professional services in defending the trustee in a suit in equity instituted by the appellant in the Court of Common Pleas of Bucks County in respect of the trust and its administration. The equity suit was in intended aid of exceptions of similar import filed by the appellant to the trustee's final account then pending in the Orphans' Court. By petition to the latter court for consolidation of the hearings on the exceptions and the bill, the appellant averred that "Both the bill in equity and the accounting herein concern one subject matter and one sequence of events, viz. the conduct of Thomas G. Hawkes in and about his trust for petitioner. . . . The facts in both proceedings are so closely connected as to be intertwined. In order to avoid duplication and complication, the two matters should be heard together, or should be pending before the same tribunal so that the same judges may be acting in the same capacity with respect thereto, . . . ." The prayer of the petition for consolidation was refused, but further proceedings on the exceptions to the trustee's account in the Orphans' Court were stayed pending disposition of the suit in equity wherein the matter was then threshed out in a long and bitterly contested trial. In both the exceptions and the bill, the appellant made serious charges against the trustee and sought thereby to surcharge him in a

relatively large amount. The suit in equity resulted in a final decree in favor of the trustee, which, on appeal to this Court, was affirmed. See *Spring v. Hawkes,* 351.Pa. 602, 610, 41 A. 2d 538, where the character and extent of the litigation is fully described.

Following our affirmance of the decree in equity, the trustee petitioned the Orphans' Court for a decree confirming his account and for an award of compensation to his counsel and to himself as trustee. The appellant answered the petition and denied the right of either the trustee or his counsel to compensation at the expense of the trust estate. After a hearing at which extensive testimony was offered on the matters of compensation, the auditing judge entered a decree confirming the account and awarding to the trustee and to his counsel the compensation whereof the appellant complains. The court en banc confirmed absolutely the decree of the auditing judge and the appellant took the pending appeal.

As to the amount of the compensation awarded the trustee's counsel for their services, the evidence fully warrants the auditing judge's findings with respect to the extent and value of the services. Such findings may not, therefore, be disturbed by us: *Walton Estate,* 348 Pa. 143, 145, 34 A. 2d 484. Nor do we understand the appellant to question seriously the quantum of the award to counsel. Rather, her contention is that the stock which formed the principal corpus of the trust was in a company in which the trustee was personally interested as a stockholder; that the trust and the trustee were substantially engaged in a joint enterprise; that the trustee's defense of his administration of the trust was in furtherance of his own pecuniary interest; and that, consequently, trustee's counsel are not entitled to compensation at the expense of the trust estate for their services in the equity proceeding. We find no error in the conclusion of the learned court below that the trust was for the sole benefit of the appellant who, by virtue of

the trust and its skillful administration by the trustee, was raised "from the position of comparative penury or insecurity at the beginning of the trust to one of competence and security at its termination." The court below was also correct in its further conclusion that the equity suit was ancillary to the appellant's exceptions to the trustee's account and that the claim for compensation to counsel for their services to the trustee in the equity proceeding was cognizable at the audit of the trust account and payable out of the trust estate.

The appellant contends that the trustee is not entitled to any compensation for his fiduciary services because the trust indenture provided that "The compensation of said Trustee for all services to be rendered by him . . . shall be such as may be agreed upon by the parties hereto in writing; . . . " and that no writing of such nature was ever entered into. We agree with the learned court below that the parties, as evidenced by the trust indenture, contemplated that the trustee should receive compensation for his services and that the fact that the amount thereof was never agreed to in writing did not preclude the court from fixing compensation to the trustee in a reasonable amount upon the final accounting. Prior to the filing of the account, the appellant had refused to agree to any compensation to the trustee. That attitude, she later confirmed through counsel and, still later, by certain of her exceptions to the account. Her conduct in such regard was incapable of denying the trustee his right to compensation as the trust indenture envisioned: cf. *Jessup & Moore Paper Co. v. Bryant Paper Co.*, 283 Pa. 434, 438-439, 129 A. 559, and cases there cited.

Nor was the appellant's oral testimony that, in conversations antedating the draft and execution of the trust indenture, the trustee had told her he would serve without compensation competent to vary the terms of the written instrument in the absence of an averment of fraud, accident or mistake in its execution: see *Gianni*

*v. R. Russell & Co., Inc.,* 281 Pa. 320, 323, 126 A. 791; *Germantown Trust Company v. Emhardt,* 321 Pa. 561, 564-565, 184 A. 457; *Third National Bank and Trust Company of Scranton v. Rodgers,* 330 Pa. 523, 525, 198 A. 320. Neither was it of any material significance on the question of the trustee's right to compensation that, as an officer of a company in which both he, individually, and the trust estate owned stock, he had received a salary from the company. He had performed able and valuable services for the company in which still other stockholders were interested. His right to the salary, without reference to his services to the trust, was confirmed, as against the appellant's contention, by the decree in equity which we affirmed.

That the award of $250 a year to the trustee for his services over the term of the trust was not an unreasonable allowance admits of no doubt in the light of the record before us.

Decree affirmed at appellant's costs.