## ELEANOR PLUNKETT v. IRMA LAMPERT AND OTHERS.[1]

July 7, 1950.

Nos. 35,248, 35,249.

*Robert J. Sheran,* for appellant.

*Morgan, Headley, Raudenbush & Morgan,* for respondent Irma Lampert.

*Oppenheimer, Hodgson, Brown, Baer & Wolff,* for respondents Leonard Lampert, Jr., Stephen Schmitt, and William Huch.

CHRISTIANSON, JUSTICE.

Appeals of plaintiff, consolidated for hearing before this court, from orders denying her motions in two actions for orders restraining defendants from proceeding with the hearings on their respective accounts as trustees under the trusts created by Arthur J. Lampert until determination of said actions.

In 1937, Arthur J. Lampert, since deceased, placed certain shares of common stock in the Lampert Lumber Company, a Minnesota corporation, in trust for plaintiff, his daughter. Defendants Irma

---

[1]Reported in 43 N. W. (2d) 489.

Lampert, Leonard Lampert, Jr., and William Huch are the acting trustees of this trust, which will hereinafter be referred to as the *inter vivos* trust. By his will duly admitted to probate, Arthur J. Lampert also placed certain shares of common stock in said corporation in trust for the benefit of plaintiff and others. Defendants Irma Lampert, Leonard Lampert, Jr., and Stephen Schmitt are the acting trustees of this trust, which will hereinafter be referred to as the testamentary trust. Arthur J. Lampert died in 1939. Plaintiff was under the guardianship of her mother, defendant Irma Lampert, until 1942, when she attained her majority. There are 260 shares of common stock of Lampert Lumber Company in the *inter vivos* trust, and 2,879.67 shares of said stock in the testamentary trust, of which 523.58 shares are held for plaintiff's benefit. Common stock is the only voting stock in the corporation. The trustees individually and as trustees own approximately one-third of the common stock outstanding.

The trustees of the *inter vivos* trust were confirmed on July 5, 1949, and the trustees of the testamentary trust were confirmed on September 6, 1941, by the district court for Ramsey county. On July 21, 1949, plaintiff commenced the two actions, consolidated on appeal here, in the district court for Ramsey county, one against trustees of the *inter vivos* trust and the other against the trustees of the testamentary trust. In both actions the trustees were sued in their individual and fiduciary capacities. The complaints in the two actions contain substantially the same allegations. The complaint pertaining to the *inter vivos* trust, after reciting that defendants Leonard Lampert, Jr., and William Huch have been and are directors and that they are the president and executive head and the secretary respectively of Lampert Lumber Company, alleges that they wrongfully and unlawfully (a) allowed bonuses to be paid to themselves and other officers of the corporation; (b) borrowed excessive sums and allowed others to borrow excessive sums of money from the corporation; (c) allowed shares of the corporation's stock to be sold in 1944 and 1948 to themselves and others for a sum substantially less than book value; and (d) allowed

shares of said stock to be purchased in 1945 by the corporation at a sum substantially in excess of book value. It further alleges that Leonard Lampert, Jr., in 1947 wrongfully and unlawfully purchased from the corporation shares of its corporate stock and subsequently wrongfully and unlawfully resold said stock back to the corporation. In addition, it alleges that all three of the trustees of the *inter vivos* trust failed to properly distribute the income of said trust to plaintiff. The relief prayed for is (1) an accounting; (2) that said trustees' account be surcharged in the amount of $4,800 in favor of plaintiff because of allegations (a), (c), and (d) heretofore recited, and because of the sale of stock to Leonard Lampert, Jr., and repurchase thereof by the corporation; (3) that the stock sold in 1944 and 1948 be returned to the corporation and the consideration paid therefor returned to the purchasers; (4) that moneys borrowed from the corporation by stockholders be repaid or that the trustees' account be surcharged to the extent that the value of the stock held in trust has been reduced or the income therefrom decreased by reason thereof; and (5) that after an accounting the trustees be removed and successor trustees appointed.

The allegations and relief prayed for in the complaint relating to the testamentary trust are substantially the same, but it contains additional allegations to the effect that defendant Irma Lampert wrongfully and unlawfully purchased 900 shares of common stock of the corporation from the estate of Arthur J. Lampert, deceased, during the probate of the estate, and that the trustees of said trust had wrongfully paid sums of money to Irma Lampert out of trust assets and had failed to properly invest the funds of the trust.

Defendants' answers, after admitting certain allegations of fact in the complaints, allege, among other things (a) as to both trusts, an estoppel and the approval by the stockholders and directors of Lampert Lumber Company of all transactions complained-of; denial of any loss to said trusts, and as a plea in abatement the pendency of hearings on their respective accounts as trustees; (b) in the testamentary trust, the filing and approval of the trustees' prior

annual accounts as *res judicata;* and, as to the purchase of stock from the Arthur J. Lampert estate, that the stock was purchased by Irma Lampert at the appraised value thereof to provide sufficient funds to pay expenses of administration of the estate. From the record it appears that Irma Lampert was not a representative of the estate during probate. Plaintiff's replies put in issue all of the defenses mentioned in defendants' answers. The reply in the *inter vivos* trust action prays for reopening of defendant Irma Lampert's final account as guardian of plaintiff, together with the relief prayed for in said complaint. The reply in the testamentary trust action prays for (1) reopening of all of the trustees' accounts since the death of Arthur J. Lampert; (2) reopening of the final account of the defendants Leonard Lampert, Jr., and Stephen Schmitt as executors of said decedent's will; and (3) reopening of defendant Irma Lampert's final account as guardian of plaintiff, together with the relief prayed for in the complaint. Plaintiff's present counsel was substituted as attorney for her after the foregoing pleadings had been served.

Shortly after the complaints were served the trustees of both trusts filed their accounts with the court. Leonard Lampert, Jr., and William Huch tendered their resignations as trustees of the *inter vivos* trust, and Leonard Lampert, Jr., tendered his resignation as a trustee of the testamentary trust. The trustees of both trusts asked the court to fix a time for hearing their accounts, acceptance of the proposed resignations, appointment of successor trustees, and allowance of attorneys' fees. Plaintiff and all others having an interest in the trusts were served with due notice thereof and of the date set for hearing thereon.

Plaintiff moved in the two trust proceedings for consolidation of the trial of the actions with the hearings on the trustees' accounts, or, in the alternative, for a postponement of the hearings on the accounts until her actions had been tried. Meanwhile, the trustees filed supplemental accounts in the accounting proceedings specifically setting forth and disclosing all matters complained of in plaintiff's complaints. Plaintiff in each of these actions made a

motion for an order restraining the defendant-trustees from proceeding with the hearing on their petitions for allowance of their accounts, acceptance of the resignations of certain trustees, confirmation of successor trustees, and allowance of attorneys' fees until the final determination of her actions pending against them. All four motions were heard before the same judge and were denied. Appeals were taken from each order of denial.

Heretofore, we dismissed the appeals from the trial court's orders in the trust proceedings on the ground that said orders were not appealable. Webster v. Bader, 109 Minn. 146, 123 N. W. 289; Graves v. Backus, 69 Minn. 532, 72 N. W. 811. However, motions for dismissal of the present appeals were denied because the denial of the motions for an order restraining defendants from proceeding with the hearings on their accounts as trustees was not merely a denial of a stay of proceedings, but a refusal of a provisional remedy or an injunction, and therefore appealable under M. S. A. 605.09 (2). Kanevsky v. National Council, 132 Minn. 422, 157 N. W. 646. See, Ritchell v. Remington, 159 Minn. 305, 198 N. W. 813. The files in the trust proceedings are included in the original record on these appeals.

Motions for judgments on the pleadings in favor of defendants in both actions or, in the alternative, for an order striking out certain allegations in the complaints, are pending but have not been heard in the court below.

Plaintiff asserts as grounds for reversal the following: (1) The proceeding first started shall have priority over subsequently instituted proceedings; (2) plaintiff's right to cross-examine defendants will be impaired if the issues are tried at the hearings on the trustees' accounts; (3) plaintiff would have a greater measure of control over the development of the proceedings, would be in a better position to request submission of fact questions to a jury, and would be less likely to be taken by surprise if the issues were tried in the actions where she is the plaintiff; (4) litigation of the issues at the hearings on the accounts would permit the use of trust assets in payment of the trustees' attorneys' fees and costs therein;

and (5) all the issues cannot be litigated at the account hearings.

The question for determination here is whether the trial court abused its discretion in denying plaintiff's motions for an order restraining defendants from proceeding with the hearings on their petitions and accounts as trustees until determination of these actions.

In passing upon plaintiff's motions and denying them, the district court was exercising its discretionary powers. Hotel & Restaurant Employees' Union v. Tzakis, 227 Minn. 32, 33 N. W. (2d) 859. For this court to set aside the district court's orders denying plaintiff's motions, we must find that the lower court clearly abused its discretion. 3 Dunnell, Dig. & Supp. § 4490; 1 Dunnell, Dig. & Supp. §§ 399 and 1710. The burden of showing such abuse is on appellant. 3 Am. Jur., Appeal and Error, § 960.

Plaintiff relies upon Kanevsky v. National Council, *supra,* in support of her first ground for reversal. Before the commencement of these actions the district court had assumed jurisdiction over each trust as a proceeding in rem.[2] The record discloses that it had complete jurisdiction in personam of the trustees and of the beneficiaries of each trust before the motions involved in the orders appealed from were instituted. The Kanevsky case does not support plaintiff's position because, among other reasons, the lower court here had confirmed the trustees and had taken jurisdiction of the administration of the trusts as proceedings in rem before plaintiff's actions had been commenced. At the oral argument, plaintiff cited and referred us to the case of Davidson Trust, 354 Pa. 333, 47 A. (2d) 145, 165 A. L. R. 768. This case is not in point, for the reason that there the beneficiary's exceptions to the trustee's final account

---

[2] M. S. A. 501.33 provides:

"Upon petition of any person appointed as trustee of an express trust by any will or other written instrument, or upon petition of any beneficiary of such trust, the district court of the county wherein such trustee resides or has his place of business, shall consider the application to confirm the appointment of the trustee and specify the manner in which he shall qualify. *Thereafter such district court shall have jurisdiction of such trust as a proceeding in rem.*" (Italics supplied.)

were pending before the Pennsylvania orphans' court, whereas the beneficiary's suit against the trustee for breach of trust in aid thereof was before the court of common pleas (Spring v. Hawkes, 351 Pa. 602, 41 A. [2d] 538). Because both proceedings were not pending before the same tribunal, the orphans' court, upon motion by the trust beneficiary, stayed its hearing on the trustee's account pending disposition of the suit in the court of common pleas, a court of general and equitable jurisdiction. The granting of the stay was not reviewed on appeal. Here, the situation is entirely different, because both of plaintiff's actions as well as the trust proceedings are pending before the same court, and the same judge may act in the same capacity with respect thereto.

The administration of trusts being equitable in character, a court having jurisdiction of a trust, as here, will allow the beneficiary thereof wide latitude in cross-examination of the trustee, particularly where the inquiry pertains to wrongdoing on the part of the trustee. As stated in In re Trust Created by Will of Enger, 225 Minn. 229, 239, 30 N. W. (2d) 694, 701, 1 A. L. R. (2d) 1048, "the duty rests on the trustee in accounting proceedings to make the fullest measure of disclosure." In either plaintiff's actions or the trust proceedings the burden of proving the accounts is on the trustees. Malcolmson v. Goodhue County Nat. Bank, 198 Minn. 562, 272 N. W. 157; Smith v. Tolversen, 190 Minn. 410, 252 N. W. 423. Where, as here, the claimed wrongdoings on the part of the trustees are set forth in the supplemental trustees' accounts, already before the court and open to objection by plaintiff, there should be no greater opportunity for surprise at the hearings on the trustees' accounts than there would be if plaintiff's actions were tried first. Moreover, in an accounting action no trial by jury is granted as a matter of right. M. S. A. 546.03; 6 Dunnell, Dig. § 9835; 54 Am. Jur., Trusts, § 626. We note that the notices of trial served by plaintiff state that these cases are for "Trial by the Court." The allowance of attorneys' fees and costs for the trustees out of trust assets is dependent upon whether the charges against them are found warranted or not. If the charges are warranted, the lower

court will take that fact into consideration at the time of its allowance of the accounts. In re Trusteeship Under Will of Rosenfeldt, 185 Minn. 425, 241 N. W. 573; 6 Dunnell, Dig. & Supp. § 9944, and cases there cited. Likewise, the fact that all issues raised. by the pleadings in the pending actions cannot be litigated at the hearings on the trustees' accounts would not justify reversal by this court, for the reason that there is no showing here that irreparable harm will be caused plaintiff thereby. See, 3 Dunnell, Dig. & Supp. §§ 4470 and 4471. Plaintiff can object to the accounts, and all matters involved in the accounts can be heard by the same judge at the same time. Any matters that cannot be heard on the merits by way of objections to the trustees' accounts or any matters not therein determined on the merits will be left open to be heard in the pending actions or some other form of independent action. See, In re Trust Created by Will of Enger, *supra.* Furthermore, the resignations tendered by certain of the trustees can be accepted without releasing them or their sureties from any liability thereby.[3] As stated by this court in Wertin v. Wertin, 217 Minn. 51, 54, 13 N. W. (2d) 749, 751, 151 A. L. R. 1302:

"It has long been the established rule, in fact 'from the earliest period of equitable jurisprudence,' that courts of equity are empowered to exercise their equitable authority for the purpose of protecting beneficiaries against inefficiency, incompetency, neglect, or fraud on the part of those who have been named trustees. Because the beneficiaries of a trust are often incapable 'by reason of age, inexperience, or other incapacity, [of] * * * looking out for themselves,' it has become a recognized rule that such a court 'stands in the attitude of guardian of their interests.' 26 R. C. L., Trusts, § 4, and cases in notes 4 and 5."

[3] M. S. A. 501.42 provides:

"Upon the petition of any trustee of an express trust, the district court may accept his resignation and discharge him from the trust, *under such regulations as it shall establish for that purpose and upon such terms as the rights and interests of the person interested in the execution of the trust require.*" (Italics supplied.)

492

Plaintiff in her brief admits inability to find any authority to support her grounds for reversal of these appeals. For reasons heretofore pointed out, we deem none of her grounds for reversal compelling in this court. In Ogrosky v. Commonwealth Elec. Co. 172 Minn. 46, 48, 214 N. W. 765, 766, we said:

"* * * In the absence of something to indicate that a discretionary power has been exercised arbitrarily, capriciously, or contrary to legal usage, we are bound by the result. So long as such discretion is exercised judicially the result is beyond our reach."

Plaintiff makes no showing of an abuse of discretion by the district court. We find that the denial of her motions was a judicial exercise of that court's discretionary powers.

We intimate no opinion as to the merits of the respective claims made. We note that objections to plaintiff's pleadings have been made and that motions with respect thereto await the consideration of the court below. There being nothing further before us requiring review, we affirm the lower court's orders denying plaintiff's motions without passing upon these questions.

Affirmed.

THOMAS GALLAGHER, JUSTICE (concurring specially).

I am of the opinion that the interests of orderly procedure and justice would have been better served had the trial court granted plaintiff's motions for an order restraining defendants from proceedings with the hearings on their petitions and accounts as trustees until determination of these actions, or, in the alternative, ordered consolidation of the trial of these actions with the hearings on the trustees' accounts. However the making of such orders rested in the trial court's discretion, and in view of the circumstances present it cannot be said that such discretion was abused in denying plaintiff's motions for the orders described.

MR. JUSTICE FRANK T. GALLAGHER took no part in the consideration or decision of this case.