IN RE TRUST IN LAST WILL OF
CHARLES L. DeREU.
VERONICA McKAY v. JEANETTE CARLSON.

197 N. W. 2d 229.

April 21, 1972—No. 42974.

*Callaghan & Nelson* and *C. David Nelson,* for appellant.

*Quarnstrom, Doering & Leary* and *W. P. Quarnstrom,* for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, and Peterson, JJ.

ROGOSHESKE, JUSTICE.

This is an appeal by Jeanette Tobkin Carlson from an order of the district court denying a motion for an amendment to its order interpreting provisions of an express trust in the will of Charles L. DeReu, who died March 4, 1956. Since we find the court's interpretation in conflict with the intention of the testator and contrary to settled law that, absent an expression to the contrary by a testator of a testamentary trust, a beneficiary of income from the trust property is entitled to such income from the date of the testator's death, we are compelled to reverse and remand.

The will of Charles L. DeReu consisted of 38 articles establishing a complicated system for the disposition of his estate among more than 50 relatives, friends, and organizations. We are concerned in this matter with a single article, Article VI, which established a trust to provide income for two individuals and educational benefits for 23 named individuals and the children of a named couple. Article VI provided:

"ARTICLE VI. To secure an education for my wards, godchildren, and friends below mentioned, and to provide for the support and maintenance of the mother of my deceased wife, Claire Pieters, her sister, Mary Pieters, I set aside into a trust fund the rents and profits from the Northwest Quarter (NW¼) of Section Sixteen (16) Township One Hundred Twelve (112), Range Forty One (41), Lyon County, Minnesota, and the East One Half (E½) of the Southeast Quarter (SE¼) of Section Seventeen (17), Township One Hundred Twelve (112), Range Forty One (41), Lyon County, Minnesota, to be used as follows:

"(1)   For the support and maintenance of my good mother-

in-law, Lizzie Pieters, wife of Adolph Pieters and mother of Claire Pieters, deceased, the sum of Five Hundred ($500.00) Dollars annually as long as she lives; after the death of my mother-in-law, Lizzie Pieters, I will, give, devise and bequeath the sum of Two Hundred Fifty ($250.00) Dollars annually out of this trust fund to Mary Pieters as long as she lives, and I direct that the payments herein provided to be made out of these trust funds to Lizzie Pieters and Mary Pieters shall be paid before other beneficiaries named below in this Article shall receive anything.

"(2)  For the higher education of the following named individuals:

Elaine Sheets
Lorraine Sheets
Rose Adele Van Overbeke
Roberta Van Overbeke
Daniel Dennis Van Overbeke
Lorraine Anne Hebert
Louise Ann Hebert
Donald DeMartelaere
Marlene DeMartelaere
Marjorie DeMartelaere
Michelien DeSchepper
Richard DeSchepper
Charles Louis DeSchepper
Twyla Lee Moon
All children of Robert and May Van Overbeke
Patricia DeSchepper
Donald Tobkin
Jeanette Tobkin
Diane Tobkin
Arthur Tobkin
Mary Tobkin
Phyllis Tobkin
Donna Jean Tobkin
Elizabeth DeSchepper

at the rate of Four Hundred ($400.00) Dollars per annum for a period of five years, commencing when they enter upon such higher educational studies, provided they commence such higher education prior to or before they arrive at the age of twenty years, and also provided they are deserving and make an average grade in high school of '85' or 'B' or more. If there be not enough in the annual rents and profits to pay for such education and two or more of the above-named are going to school at the same time, then the balance in such fund, after the payment of said sum of Five Hundred ($500.00) Dollars to Lizzie Pieters or Mary Pieters, shall be divided equally between the persons so attending school. Should there be any surplus after the payment of such Five Hundred ($500.00) Dollars to said Lizzie Pieters or Mary Pieters, and such payments for education in any year, such annual surplus or balance shall be paid to my wife, Anne B. DeReu.

"(3)   That out of such trust fund there shall be paid, first, the said Five Hundred ($500.00) Dollars annually to the said Lizzie Pieters or said Mary Pieters, as stated in this Article; second, the beneficiaries named in the second section of this Article.

"Should it be that my beloved wife, Anne B. DeReu, decides she does not want to take under this will, but take under the law, then there shall be added to this trust the rents and profits of the Southwest Quarter (SW¼) of Section Thirty-Four (34), Township One Hundred Thirteen (113), Range Forty-One (41), Lyon County, Minnesota.

"The said sum shall be paid only after the taxes, cost of repairs of buildings and of this trust are paid out of this trust fund.

"After the death of said Lizzie Pieters and said Mary Pieters, and the completion by said beneficiaries above-named of their higher education, then I give, devise and bequeath unto May Van Overbeke (wife of Robert Van Overbeke) the East One-Half (E½) of Section Seventeen (17), Township One Hundred Twelve (112), Range Forty-One (41), for her use and benefit

as long as she lives, and she shall not mortgage or encumber the same or dispose of said property, and after her death it shall be given in fee to her children. I give May Van Overbeke this 'eighty' because she pestered me so much into buying this farm that I want to carry into execution my statements to her that I would tie it around her neck as long as she lives. This bequest to said May Van Overbeke and her children is made subject to a life estate therein of my beloved wife, Anne B. DeReu.

"The said Northwest Quarter (NW1/4) of Section Sixteen (16), Township One Hundred Twelve (112), Range Forty-One (41), I give and devise (after the death of said Lizzie Pieters and Mary Pieters and completion by said beneficiaries of their higher education), to the legatees named in the residuary clause of this Will, subject to a life estate therein for my beloved wife, Anne B. DeReu."

Although the will was promptly admitted to probate on April 9, 1956, for reasons unexplained and presumably not ascertainable, the final decree of distribution was not issued until more than 9 years later, on September 27, 1965. After further unexplained delays, a petition for appointment of a trustee for the testamentary trust was filed in district court on October 27, 1967. Veronica McKay, respondent in this proceeding, was finally appointed trustee on December 10, 1968, nearly 13 years after the death of the testator.

The trustee filed a petition in district court seeking advice and direction regarding procedures for determining the persons entitled to the educational benefits of the trust and the eligibility of claimants. After notice and hearing, the court issued an order setting forth what appears to be a clear and fair procedure by which all persons named as beneficiaries of the educational benefits may apply for and establish their compliance with the conditions of eligibility specified by the testator. The order, however, instructed the trustee to limit eligibility for the $400 annual benefits to only those named beneficiaries who had attended an institution of higher learning for the school years of 1967-68,

1968-69, 1969-70, and years thereafter. The court also eliminated the age requirement that benefits were to be paid to those otherwise qualified only if "they commence such higher education prior to or before they arrive at the age of twenty years."

This interpretation of the will by the trial court, although understandably motivated by the court's distress over the unexplainable delay in the administration of decedent's estate, the practical problems of accounting to determine whether any funds for such benefits were available and should have been set aside during probate, and the court's expressed desire "to give what little meaning may now be possible to the intent of the testator," nevertheless in our opinion conflicts with the clear intent of the testator as expressed in his will. It is a cardinal rule of construction of a testamentary trust that the intent of the testator as expressed in the language of his will should be carried out whenever and to whatever extent possible. In re Trusteeship under Will of Whelan, 263 Minn. 476, 116 N. W. 2d 811 (1962). The trial court's elimination of the 20-year age limitation as one of the requirements for benefits is in direct conflict with the clear and unambiguous language expressing the testator's intent. Similarly, the court's exclusion of benefits to those beneficiaries who attended an institution of higher learning since the testator's death and prior to the school year of 1967-68 is a restriction unwarranted by the language of the trust.

Since the court erred in excluding from benefits petitioner and about four or five others potentially qualified who attended institutions of higher learning after the testator's death but before the establishment of the trust, and since the will makes no reference to the point in time from which otherwise qualified beneficiaries should be eligible for payments of benefits, the question arises as to whether benefits are to be paid to the extent of available funds from the date of death of the testator or from the time when the trust was established by order of the district court. The rule is well established that under a testamentary trust with an income beneficiary, where the testator has made no expression

to the contrary, the right to income begins on the date of the testator's death. In re Trust under Will of Koffend, 218 Minn. 206, 15 N. W. 2d 590 (1944); In re Trust Created by Will of Crosby, 224 Minn. 173, 28 N. W. 2d 175 (1947). Accord, Will of Leitsch, 185 Wis. 257, 201 N. W. 284, 37 A. L. R. 547 (1924); 1 Restatement, Trusts 2d, § 234.

In summary, therefore, the trust should have been established as soon after the death of the testator as possible, an accounting should have been made of the income from the trust corpus, and thereafter claims should have been paid to those who qualified from the date of the testator's death.

We recognize, as did the trial court, that the beneficiaries seeking educational funds are not the only beneficiaries of the trust; prior claims to the income from the trust property belong to Lizzie Pieters, the testator's mother-in-law, and Mary Pieters, his first wife's sister. Thus, difficult though it may be, before any payments can be made from this trust, a full accounting of the income from the trust property on a year-by-year basis is necessarily required. Thereafter, the beneficiaries should be allowed to receive up to $400 for each year up to 5 years during which they qualify under the trust, the actual amount to be received by each beneficiary to depend upon the amount due, if any, to prior income beneficiaries, the amount of residual income, and the number of beneficiaries making qualified claims in each particular year.

The respondent-trustee urges that the income beneficiaries be barred from recovery because of undue delay in bringing this action. We find no merit in this argument. Apart from other considerations, since some of the beneficiaries did not reach the age of majority until many years after the death of the testator, and at least one beneficiary, Charles Louis DeSchepper, had yet to reach the age of majority when this action was commenced, it would be unreasonable to hold that laches bars the beneficiaries from recovery. The duty of the court is rather to protect the rights of those unable to protect themselves by legal process.

See, Plunkett v. Lampert, 231 Minn. 484, 491, 43 N. W. 2d 489, 494 (1950). Moreover, it is our view that the burden of unreasonable delay should fall upon those responsible for probating this will, establishing the trust, and carrying out the intentions of the testator. To deprive the beneficiaries of the will or trust of benefits to which they would have been entitled merely because of the inexcusable and unexplained delays which occurred in the administration of the will would be to condone probate practices which would be better condemned.

This cause is reversed and remanded for proceedings in the district court consistent with this opinion.

MR. JUSTICE KELLY took no part in the consideration or decision of this case.

MR. JUSTICE TODD, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.