## BURLINGTON MILLS CORPORATION v. TEXTILE WORKERS UNION OF AMERICA et al.

District Court, W. D. Virginia, at Roanoke.
Aug. 12, 1941.

W. P. Hazlegrove, of Roanoke, Va., and D. E. Hudgins, of Greensboro, N. C., for plaintiff.

David Jaffe, of New York City, for defendants.

PAUL, District Judge.

On July 22, 1941, the plaintiff in this case filed its complaint against the Textile Workers Union of America and the local

of that union located at Covington, Virginia, and against certain individuals, members of and representatives of said local union.

The allegations of the complaint are somewhat lengthy, but substantially stated they are as follows:

The plaintiff is a corporation organized under the laws of the State of Delaware, with its principal office in the City of Greensboro, North Carolina; that it owns and operates a number of textile manufacturing plants, including one at Covington, Virginia; that the Textile Workers Union of America is a national labor union or organization and that Local No. 330 of the Textile Workers Union of America is a local union or branch of the national organization and is located at Covington, Virginia, and that the individual defendants are members, officers and representatives of the local union.

That about the month of September, 1940, Local Union No. 330 of the Textile Workers Union of America communicated with the plaintiff purporting to represent for collective bargaining purposes a majority of the employees of the Covington plant of the plaintiff and requested the plaintiff to bargain with said local union under the provisions of the National Labor Relations Act, 29 U.S.C.A. § 151 et seq., and to recognize said local union as the sole and exclusive bargaining representative of the employees of that plant; that the plaintiff, having reason to believe that said union did not represent a majority of its employees, refused to recognize the union as the sole bargaining representative of said employees and that thereupon the defendant union filed with the National Labor Relations Board a petition that it be certified as the bargaining representative of said employees.

That thereafter the National Labor Relations Board, on February 13, 1941, held a hearing at Covington, Virginia, for the purpose of determining whether a question affecting commerce had arisen concerning the representation of employees at the Covington plant, and that as a result of certain matters happening prior to this hearing the Local Union No. 330 filed a charge of unfair labor practice against the plaintiff, upon which a hearing was held on April 17, 1941, before a trial examiner of the Labor Board.

That while final decision of the charge of unfair labor practice was still pending and undetermined, the National Labor Relations Board, on May 21, 1941, directed an election to be held under the provisions of the National Labor Relations Act for the purpose of determining whether the Local Union No. 330 should in fact be designated and certified as the exclusive representative of the employees of the Covington plant for collective bargaining purposes.

The bill further alleges that a purported election was held on June 10, 1941, at the Covington plant among the employees of that plant, the reported result of which showed the selection of Local Union No. 330 as the exclusive bargaining representative of the employees; that after said report was rendered and in due time the plaintiff objected and excepted to the conduct of said election for various reasons which it specifically stated and filed with the Labor Board; that on July 7, 1941, the Labor Board certified the defendant, Local Union No. 330, as the exclusive collective bargaining representative of the employees of the Covington plant. Various grounds are set forth in the bill of complaint attacking the validity of the election, as a result of which Local Union No. 330 was certified as the bargaining representative.

The bill further alleges that following the decision of the National Labor Relations Board with respect to the election referred to and its certification of the union as the bargaining representative, the defendants have requested the plaintiff to recognize the results of said election and certification and to negotiate with said Local No. 330 as the exclusive collective bargaining representative of the employees and that the plaintiff is of opinion and is informed and believes that if it fails to comply with said request and to bargain with said union the defendants propose to and will file before the Labor Board charges of unfair labor practice against the plaintiff for such refusal.

The bill further alleges that on the 19th day of July, 1941, the plaintiff instituted an action in the District Court of the United States for the District of Columbia, in which the National Labor Relations Board and its individual members were named as defendants and in which the plaintiff seeks to obtain a judgment and a decree of that court declaring invalid, null and void the election which purported to choose said Local No. 330 as the collective bargaining

representative of its employees and to declare invalid, void and ineffective the certification of said Local No. 330 as said bargaining representative. That said suit in the District of Columbia is still pending and undetermined and that pending a final decision and determination of that action plaintiff desires and is entitled to an order restraining and enjoining the defendants herein from filing a charge or charges with the National Labor Relations Board of alleged unfair labor practice by reason of plaintiff's refusal to recognize the defendants as the exclusive collective bargaining representative or to negotiate with them as such.

It is alleged that the plaintiff does not have any adequate legal remedy in the premises and that its only recourse is to enjoin said Local Union No. 330 and its representatives from instituting charges or complaints of unfair labor practice for the plaintiff's refusal to bargain with said Local No. 330. That the plaintiff has exhausted its administrative remedies by seeking to induce the Labor Board to invalidate and nullify the purported election without avail and that it has no right to appeal in the proceedings before the board for certification of bargaining representatives. That if the plaintiff should be denied the right to enjoin said Local 330 and its representatives from filing charges of unfair labor practice against it, it would be compelled to subject itself unjustly to a charge of unfair labor practice and thus unjustly and unwillingly to incur the odium, criticism and contempt of its employees and of the public which such a charge would arouse.

Therefore, the plaintiff prays that pending the final determination of the action which it has heretofore instituted and which is now pending in the United States District Court for the District of Columbia, the purpose of which is to have declared invalid the election under which Local No. 330 was purportedly chosen as the bargaining representative of its employees, the defendants, and each of them, their agents, officers and representatives be restrained and enjoined from in any manner instituting or prosecuting any action of any kind against the plaintiff arising out of plaintiff's failure to recognize the defendants as the exclusive bargaining representative of their employees.

Much more briefly stated, the situation is that, as the result of various steps and proceedings, the National Labor Relations Board has certified the defendants here as the exclusive collective bargaining representative of the employees of plaintiff's plant; that plaintiff has filed a suit in the District of Columbia seeking to have declared invalid an election held among its employees, which was the basis of the certification made by the Labor Board; that meanwhile, although prior to the institution of the suit in the District of Columbia, Local Union No. 330 and its representatives, acting on the certification of the Labor Board, had called on the plaintiff to negotiate with it; that plaintiff apprehends and believes that if it refuses to negotiate with said Local 330 there will be preferred against the plaintiff a charge of unfair labor practice in refusing to negotiate with a certified representative; that plaintiff seeks to prevent any such charge being made by enjoining the defendants from making such a charge pending the determination of its suit in the District of Columbia. The complaint is purely one for injunction and asks no relief other than that the defendants, and each of them, be restrained from making any complaint to the Labor Board or its regional director of the failure of plaintiff to negotiate with the defendants during such time as the pending suit in the District of Columbia may remain undetermined.

On the filing of the bill, which, as stated, was on July 22, 1941, the plaintiff gave notice to the defendants that it would on the 25th day of July, 1941, apply to the court for a temporary restraining order in pursuance to the prayer of said complaint. On the 25th day of July, 1941, the plaintiff appeared by counsel and there appeared also George E. Moorhouse, one of the defendants, in person and as representative of said Local Union No. 330. As a result of that hearing, and to protect any rights of the parties pending a more complete hearing, the court issued a temporary restraining order to remain in effect to August 12, 1941, on which latter date it was ordered that the court would hear the parties further as to whether said injunction should be enlarged or continued.

The said date of August 12, 1941, was also the time at which the defendants were required to answer by the rules of procedure.

On August 7th, the defendants filed their motion to dismiss the complaint for various

grounds set out therein but which need not be here detailed, and this was accompanied by a notice duly served upon the plaintiff that the defendants would bring their motion to dismiss on for hearing before the court on the 12th day of August, 1941, which time the court had previously fixed for a hearing on a continuance or enlargement of the temporary restraining order. The parties have appeared on this, the 12th day of August, 1941, the plaintiff by its counsel and the defendants by George E. Moorhouse, one of the defendants, in person, and by David Jaffe, a party defendant and who also appeared as counsel for himself and other defendants. The court has heard both the motion of the plaintiff for a continuance of the injunction and the motion of the defendants for a dismissal of the complaint, both of which have been fully argued.

It is the opinion of the court that the injunctive restraint upon the defendants should no longer be continued and that the complaint should be dismissed as offering no justifiable grounds for the remedy prayed for.

The plaintiff contends that pending the final determination of its suit pending in the District of Columbia it is entitled to preserve the status quo and to be free from the harassment, from the damage which will flow from the making of such charges and from the effect of a further order of the Labor Board holding it guilty of unfair labor practice. The court is not impressed with the argument that the plaintiff will be subjected to damage or to censure and contempt of the public by having a complaint of an unfair labor practice lodged against it before the Labor Board. This is a prescribed procedure under the National Labor Relations Act and it could hardly be said that in every case in which this procedure is followed the employer has been damaged by the filing of such a complaint.

When the contention is made that the plaintiff will be injured by the action of the Labor Board upon such complaint, it is necessarily assumed that the Labor Board will, in spite of the pending suit in the District of Columbia to which it is a party and with the purpose of which it is perfectly familiar, ignore the existence of that suit and proceed to a hearing on the prospective complaint, and it is further assumed that the judgment of the Labor Board on such complaint will be adverse to the plaintiff. This is a rather remote assumption, as it would be equally logical to expect that the Labor Board, on receipt of a complaint that the plaintiff was refusing to bargain with the union, would recognize the fact that the validity of the election in which the union was chosen as the collective bargaining representative was in question before the courts and would await the determination of that suit before proceeding further.

Even were the plaintiff not protected otherwise in a manner which will hereafter be indicated, it would seem that an injunction should not issue on what is a mere assumption of a possible result; that the defendants should not be enjoined in their legal right to make complaint merely because the Labor Board might then proceed to hold a hearing on that complaint in spite of the pending suit and might adjudicate the complaint adversely to the plaintiff. It is also to be borne in mind that this court has no means of knowing when the suit in the District of Columbia will be determined and has no power in any way to hasten or control the time of its determination. To enjoin the defendants by an order of this court would be to compel them to forego the exercise of a right, harmless in itself, for a period, the length of which would be indefinite and which in no way could be controlled by this court. It is also argued that the plaintiff is without power to enjoin the Labor Board from considering any complaint that may be made, Myers v. Bethlehem Corporation, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638, and that, therefore, in order to prevent any hearing on such a complaint pending the suit in the District of Columbia, the plaintiff is entitled to enjoin the defendants here from making any complaint. Even if we concede, without so deciding, that the plaintiff could not maintain a suit to enjoin the Labor Board from hearing any complaint made against it, it would seem that the plaintiff should not be allowed to accomplish the same result by indirection. If it be the policy of the law that the Labor Board cannot be enjoined from conducting a hearing on the complaint made, it would not seem proper that this policy could be nullified and evaded by permitting an injunction prohibiting the defendants from originating the complaint which would be the subject of hearing by the Labor Board.

But aside from these considerations it seems that the course of action and the remedy of the plaintiff in the premises is clear-

ly indicated by the National Labor Relations Act and by the decisions of the court interpreting that act. It must be remembered that even if a complaint is made to the Labor Board and even if the Labor Board would ignore the existence of the suit pending in the District of Columbia and proceed to adjudicate that complaint and to do so adversely to the plaintiff, the Labor Board has no power in itself to enforce an order against the plaintiff nor to punish the plaintiff for its alleged unfair labor practice. The refusal to bargain with the accredited representative of the employees is classed by the National Labor Relations Act as an unfair labor practice, 29 U.S.C.A. § 158, being Section 8 of the National Labor Relations Act, and the most that the Labor Board could do would be an order directing the plaintiff to desist from this practice; and, under Section 10 of the Act, 29 U.S.C.A. § 160, the enforcement of such an order would be dependent upon a petition filed in court for the enforcement of such order. Similarly, the plaintiff itself might file in court its petition for a review of such an order.

■ In other words, if an order is entered against it, the plaintiff has its opportunity in the courts for a review of such order. In this respect, its right would seem to be abundantly protected and the manner in which this protection may be assured would seem to be indicated in the case of A. F. of L. v. National Labor Relations Board, 308 U.S. 401, 60 S.Ct. 300, 84 L.Ed. 347. In that case, the court refers at some length to the purposes and intention of Congress as embodied in sections 9 and 10 of the National Labor Relations Act and as indicated by the committee reports in Congress, and the court, impliedly at least, adopts the intentions declared by the committee as constituting the correct interpretation of the act. In the notes of the committee report, which are in effect made a part of the court's opinion, it is pointed out that while the courts cannot intervene to review or interfere with action of the Labor Board taken in pursuance to Section 9 of the act, that when and if the Labor Board under Section 10 of the act has entered an order, this order is reviewable by the courts. It is particularly pointed out that if the Board, predicating its action upon an election for the choice of a collective bargaining representative, orders the employer to desist from a refusal to bargain with such representative, this order is reviewable in the courts and in such review the entire election procedure by which the bargaining representative was chosen is reviewable. See A. F. of L. v. National Labor Relations Board, 308 U.S. at page 410, Note 3, 60 S.Ct. 300, 84 L.Ed. 347. See also Newport News Company v. Schauffler, 303 U.S. 54, 58 S.Ct. 466, 82 L.Ed. 646. This then would seem to afford adequate protection to the plaintiff here; and if it should happen that the apprehended complaint is made, that it is heard and determined adversely to the plaintiff and an order of the Labor Board entered thereon, the plaintiff could have this order reviewed by the courts and in such review have determined the validity of the election of which it now complains.

■ But even further, it may be said that aside from the considerations hereinbefore presented, it would appear that this court is barred from granting the relief prayed for because of the provisions of what is known as the Norris-LaGuardia Act, 29 U.S.C.A. § 101 and following. The purpose of this act apparently was to curtail the exercise of the power of injunction by the courts in labor disputes, and by Section 7 of that act, being 29 U.S.C.A. § 107, it is provided that no court of the United States shall have jurisdiction to issue an injunction in any case involving or growing out of a labor dispute as defined by the act except after certain findings of fact made by the court which include, among others, (a) that unlawful acts have been threatened and will be committed unless restrained, (b) that substantial and irreparable injury to complainant's property will follow and (d) that complainant has no adequate remedy at law. It would be impossible for this court to find that any unlawful act has been threatened and will be committed here, because if the defendants make complaint to the Labor Board of unfair practice, they would merely be following the procedure prescribed by the National Labor Relations Act, which they have a legal right to do. It would be difficult also for the court to make a finding in this case that substantial and irreparable damage to complainant's property is threatened by the apprehended complaint or that complainant has no adequate remedy at law.

■ It is argued by the plaintiff that the Norris-LaGuardia Act is not applicable to this case and that the controversy is not a "labor dispute" within the definition of the Norris-LaGuardia Act, which definition

is contained in Section 13 of the act, being 29 U.S.C.A. § 113. I am unable to agree with this view. It is true that the Norris-LaGuardia Act was enacted prior to the National Labor Relations Act and it is no doubt true that when the former was enacted it did not have in mind the exact controversy or situation which has arisen here and which is founded on the provisions of the more recently enacted National Labor Relations Act, which set up the machinery and procedure whereby the present controversy arose. But the Norris-LaGuardia Act refers to labor disputes generally and defines what they are, and I take it that its provisions are equally applicable to such labor disputes as were within public experience at the time that act was enacted and also to labor disputes which might in the future arise under legislation which might in the future be enacted, so long as the controversy came within the definition of "labor dispute" as contained in the Norris-LaGuardia Act. The National Labor Relations Act did not repeal the Norris-LaGuardia Act nor did it supersede it. They can be and are interpreted together; and if controversies arising by virtue of the procedure set forth by the National Labor Act are labor disputes within the definition of the Norris-LaGuardia Act, then the provisions of the latter are equally applicable to them. In Section 13 of the Norris-LaGuardia Act, being 29 U.S.C.A. § 113(c), the term "labor dispute" is defined as including, among others, any controversy concerning the association or representation of persons in negotiating, etc., to arrange terms or conditions of employment. This would certainly seem to be broad enough to cover the present controversy. It would seem to be a labor dispute wherein courts are prohibited from interfering by injunction except upon findings of fact hereinbefore referred to and which could not be made in this case.

For the various reasons stated, it seems that this court should not attempt and has not the power to attempt to enjoin the defendants in this case from making complaint to the Labor Board of the refusal of the plaintiff here to bargain with the defendants. It might be added that an examination of the complaint filed shows that it fails to allege that it has in fact refused to bargain with the defendants or that it intends so to refuse to bargain and the bill is, therefore, lacking in an allegation which would in any event be essential to the relief prayed for by the plaintiff. However, this failure is apparently a mere inadvertence in the preparation of the complaint, amendment of which could be readily permitted without prejudice to the rights of anyone, and there has, therefore, been no need to discuss this phase of the matter. It can be assumed, as the court has assumed, that the plaintiff has refused or intends to refuse to bargain with the defendants here upon its belief and assertion that the election by which defendants were chosen as the bargaining representative was invalid.

For the reasons stated, I am of opinion that the motion to enlarge or continue the temporary restraining order heretofore entered should be denied, and I am also of opinion that the facts recited by the complainant and as stated and admitted in the argument furnish no basis for the relief prayed for by the plaintiff and that the motion submitted by the defendants to dismiss the bill must be granted.