# LOCAL 597 STATE CAPITOL EMPLOYEES AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, AND ANOTHER v. STEPHEN T. QUIGLEY AND ANOTHER.

130 N. W. (2d) 489.

September 4, 1964—No. 39,286.

*George C. Gubbins, Jr.*, for appellants.

*Walter F. Mondale,* Attorney General, and *William F. Brooks, Jr.,* Special Assistant Attorney General, for respondents.

PER CURIAM.

This is an appeal from an order of the district court dissolving a restraining order and refusing to enjoin defendants from conducting an open competitive examination for the position of Capitol Groundsman.

Pursuant to a request from the Department of Administration of the State of Minnesota, the director of the Minnesota Civil Service Depart-

ment announced on May 24, 1963, an open competitive examination to be held July 20, 1963, for the position of Capitol Groundsman. Plaintiff John Sikkema, presently classified as a groundsman in the Department of Administration, took steps through his union to protest this procedure, asserting that the position should be filled by promotion within the classified service.[1] After unsuccessful negotiations with both the commissioner of administration and the director of civil service, plaintiffs commenced this action in the district court. On July 19, 1963, defendants were restrained from conducting the proposed examination, and on October 11, 1963, the court entered an order denying a temporary injunction, from which this appeal is taken. The narrow question which we deem decisive is whether or not plaintiffs have made a sufficient showing of irreparable harm to justify their failure to exhaust administrative remedies.

Pursuant to the broad powers conferred on them by Minn. St. 43.06, the civil service board has adopted rules of procedure governing appeals from the decisions of the director. Rule 12.1(d), applicable to the instant case, provides as follows:

"Other Appeals and Investigations

"The director shall receive and consider any protests and any matter concerned with the administration of the act and these rules. On the basis of such protests or on his own initiative, he shall make such investigation as he deems desirable concerning all matters touching the enforcement and effect of the provisions of the act and these rules and regulations established thereunder.

"The civil service board shall receive and consider any protest by an employee or appointing authority in any matter concerned with the administration of the act and these rules, and after such investigation and hearing or either of them as the board may deem desirable in any case, shall indicate to the director such remedial action as it may deem warranted."

Plaintiffs have not appealed to the civil service board. Under such circumstances they are not entitled to injunctive relief unless they can

---

[1] Minn. St. 43.17, 43.18, and 43.19.

show that without it they will suffer imminent and irreparable harm of a substantial and not merely speculative character.[2]

Since plaintiffs had nearly 2 months' notice of the proposed examination, we are not persuaded by their argument that they had insufficient time to appeal to the civil service board. They further assert that unless the examination is enjoined, those who pass will have preference over all other applicants, causing plaintiff Sikkema and others in like position irreparable harm. We do not concur in this contention. There is no reason to assume that those seeking promotion within the service will fail the examination and others will pass.[3] Furthermore, the assumption that if the examination is not enjoined it will necessarily be held and that the issues here presented will thereby become moot is wholly without foundation. On an appeal from a decision of the director pursued in the manner prescribed by its rules, the civil service board is not impotent to discontinue the examination or ignore the results if it ultimately determines it was improvidently called or conducted.

Plaintiffs rely for recovery on Oehler v. City of St. Paul, 174 Minn. 410, 219 N. W. 760. While in that case we sustained an injunction which prevented an appointment to a classified position, the decision did not deal with the question of irreparable harm or the necessity for pursuing administrative remedies.

We apprehend no compelling reason for judicial interference with the orderly administrative procedures which are available in this case and hold that the trial court was correct in denying the motion for a temporary injunction.

Affirmed.

---

[2] Thomas v. Ramberg, 240 Minn. 1, 4, 60 N. W. (2d) 18, 20; State ex rel. Sheehan v. District Court, 253 Minn. 462, 466, 93 N. W. (2d) 1, 4; State ex rel. Turnbladh v. District Court, 259 Minn. 228, 238, 107 N. W. (2d) 307, 314.

[3] J. F. Quest Foundry Co. v. International M. & F. W. Union, 216 Minn. 436, 442, 13 N. W. (2d) 32, 35.