## CHARLES W. ANDERSON AND OTHERS v. CITY OF ST. PAUL.

241 N. W. 2d 86.

April 2, 1976—No. 46252.

*Wozniak & Finley* and *John T. Finley*, for appellants.

*Pierre N. Regnier*, City Attorney, and *Frank E. Villaume III*, Assistant City Attorney, for respondent.

SCOTT, JUSTICE.

This appeal challenges an order of the Ramsey County District Court issued on August 29, 1975, denying appellants the relief requested in an action for a declaratory judgment determining their status as employees of respondent.

The 23 appellants in this case were hired as truckdrivers by the city of St. Paul between 1965 and 1973. They worked as either temporary or emergency employees prior to 1970 and as emergency employees after 1970, with the exception of one appellant who was classified as a provisional employee from July 1965 to August 1966. Appellants were paid one dollar per hour extra in lieu of fringe benefits received by classified drivers for vacation, sick leave, and health and welfare. Federal and state taxes have been withheld and since 1973 Public Employees Retirement Association contributions have been deducted for employees after they had worked 120 days in a year.

Appellants were called to work as needed. During the later years of their employment the work time of these temporary or emergency employees increased while the city pursued a policy of attrition to reduce the oversupply of classified civil service drivers.

In June 1972, 18 of the appellants asked that a civil service examination with preference for temporary and emergency employees be given so that they could become classified city employees. They were told by Kent Schoenberger, Dale Street

garage supervisor, that a preferential test would not be given and that either a promotion-only examination or an open examination would reduce their chances for classified status because they had no promotion rights. Promotion rights are available only to those who have worked 2 years for the city and hold a classified position.[1] Successful applicants with promotion rights are given preference in filling job vacancies over original entrants.[2]

In 1974 the city's Public Works Department requested additional drivers, and a practical examination for truckdrivers was scheduled. Three hundred applicants applied for 17 vacancies, including 40 classified city employees with promotional rights. Appellants brought this action seeking priority over promotional candidates and original applicants.

The issue presented is: Did the trial court err in holding that appellants, who have worked as temporary or emergency employees for up to 10 years, but have never taken a competitive civil service examination, are not entitled to the status of classified employees without an examination or are not entitled to an exclusive, promotion-only examination?

In State ex rel. Kos v. Adamson, 226 Minn. 177, 32 N. W. 2d 281 (1948), this court stressed the importance of an objective competitive examination to the process of appointment to a civil service position. It is fundamental that a provisional appointment in the civil service cannot become permanent merely by lapse of time. For example, in State ex rel. Florrell v. Mangni, 230 Minn. 518, 42 N. W. 2d 529 (1950), this court refused to find that classified truckdrivers working for the city of Minneapolis qualified for the status of supplementary tractor drivers even though they had worked as temporary or supplemental tractor drivers when needed.

The purpose of a civil service examination is stated in 15 Am. Jur. 2d, Civil Service, § 1:

---

[1] St. Paul Ordinance No. 3250, § 28.

[2] Id. § 27.

"* * * The civil service system rests on the principle of application of the merit system instead of the spoils system in the matter of appointment and tenure of office. Civil service laws are not penal in nature, but are designed to eradicate the system of making appointments primarily from political considerations with its attendant evils, to eliminate as far as practicable the element of partisanship and personal favoritism in making appointments, to establish a merit system of fitness and efficiency as the basis of appointments, and to prevent discrimination in appointments to public service based on any consideration other than fitness to perform its duties."

In the instant case, however, the purpose of the examination was met by the practical examination given to each employee. To require all of the temporary drivers who have been employed by the city, in some cases for 10 years, to compete against classified employees who have promotional rights would mean that experienced drivers would lose their jobs to new drivers. According to § 21 of the city's Personnel Rules found in St. Paul Ordinance No. 3250, classified employees must be given priority over original entrants in filling vacancies.

It is illogical for the city to discharge experienced employees whose performance has been entirely satisfactory in favor of hiring inexperienced employees. We do not believe that the civil service rules were intended to permit such arbitrary action. The purpose of the civil service system is to provide more efficient public service personnel, but the action of the civil service commission here does just the opposite.

Whereas in State ex rel. Florrell v. Mangni, *supra,* the practical examination given to seasonal drivers was not found to be a substitute for a qualifying examination, we hold that the practical examination given here must be found to be an adequate substitute. In Mangni, the drivers already were classified as truckdrivers and the city of Minneapolis could continue to employ them as such. In the instant case, the city of St. Paul will

be deprived of its experienced drivers and the efficiency of its service to the public will be reduced.

Respondent also cites Crnkovich v. Independent School Dist. No. 701, 273 Minn. 518, 142 N. W. 2d 284 (1966), in which this court refused to find that a carpenter hired as a temporary employee was entitled to permanent status, even though he had worked continuously for 10 months. As appellants point out, however, the employee in that case had agreed to temporary status.

The instant situation is analogous to circumstances where a commission has adopted an invalid rule to deny permanent status to temporary, albeit classified, employees. In McGillicuddy v. Civil Service Comm. 133 Cal. App. 782, 24 P. 2d 942 (1933), the civil service commission promulgated a rule which extended temporary appointments for a period longer than that permitted by law. The California District Court of Appeals held that classified employees, eligible for regular appointments but for the invalid rule, were entitled to permanent classification. While the civil service rules in the instant case are not invalid, the interpretation of those rules is unreasonable.

The denial of promotion status was unreasonable as was the designation of these employees as temporary or emergency workers. Emergency employees, according to § 27 of the city's Personnel Rules, are not to continue in employment more than 5 days without the approval of the civil service office. Section 26 states that temporary employees are not to work for more than 60 days in one period, and not for more than two periods per year. The trial court found that the letter of the rules was followed in that the civil service office did reapprove the appointment of these workers every 5 days. The spirit of the rules, however, clearly was not followed by this procedure. The deliberate circumvention of the purpose of the civil service regulations involved here is an abuse of the St. Paul Civil Service Commission's authority.

This court previously has stated that civil service regulations

are to be given a commonsense construction. Yaeger v. Giguerre, 222 Minn. 41, 23 N. W. 2d 22 (1946). There is no allegation of partisanship or personal favoritism in the hiring of these employees. The purpose of the civil service system is best fulfilled by granting promotion-only status to those appellants who, but for their participation in the presently scheduled examination, would otherwise be qualified for promotion-only status. Any other result may in effect give the jobs of experienced drivers to less experienced drivers. Some of the successors might even be presently classified as unskilled laborers who were not required to take an examination originally, but gained their classified position with promotional rights merely by the passage of time.

Reversed and remanded.

KELLY, JUSTICE (concurring specially).

Under the civil service rules under scrutiny in this case, unskilled workers were hired without taking any examination and after 2 years' work became classified and obtained promotional rights. However, appellants, skilled as truckdrivers who were hired as temporary or emergency employees, were required to take a practical examination and, after working for up to 10 years, have acquired no rights. Thus, any employee classified as unskilled after 2 years' work, if he passes the civil service test, will be given priority over a truckdriver who has been working for the city for 10 years.

The rationale of rules that bring about such an unfair result escapes me. Certainly, the rights of truckdrivers who have worked as skilled workers for over 2 years after taking a practical examination should take precedence over the rights of unskilled workers who took no examination and merely worked as unskilled personnel. The mere fact that plaintiffs were characterized as temporary or emergency employees should have no bearing on the outcome of this case because for all practical purposes they were in fact full-time employees.

Rogosheske, Justice (dissenting).

I dissent. The majority opinion in my view interferes without justification in the authorized, required, and orderly processes of defendant city's civil service system and is without support in the case law of this state.

As the majority indicates, it is fundamental that a provisional appointment under civil service cannot become permanent merely by lapse of time. State ex rel. Florrell v. Mangni, 230 Minn. 518, 42 N. W. 2d 529 (1950); Crnkovich v. Independent School Dist. No. 701, 273 Minn. 518, 142 N. W. 2d 284 (1966). Plaintiffs herein were regularly employed on a provisional basis, did not take a competitive examination before beginning their work, and were at all times aware of their status as temporary or emergency employees of the city. Under the rule set forth in Mangni, therefore, plaintiffs are not entitled to special preference on the civil service examination and can only be regarded as original applicants. See, also, Vaccaro v. Board of Education of City of New York, 54 Misc. 2d 206, 282 N. Y. S. 2d 881 (1967).

Section 21 of the Personnel Rules for the city of St. Paul provides that classified civil service employees who have qualified as candidates for promotion must be given priority over original entrants in filling vacancies. In State ex rel. Coduti v. Hauser, 219 Minn. 297, 17 N. W. 2d 504 (1945), we indicated that civil service rules have all the force and effect of statutory law and should be sustained unless violative of constitutional guarantees, state regulations, or the charter. No such violation is present here. Instead, § 21 embodies a rational employment policy which prefers full-time, classified civil service employees over temporary, unclassified employees who have never taken or passed an open, competitive civil service examination. Similar promotion preferences and arrangements are not uncommon in most, if not all, civil service systems to serve the important function, among others, of offering full-time, classified employees the promise

of possible future promotions in exchange for their loyal and extended service.

The majority characterizes the application of the priority preferences of § 21 in this case as illogical, inefficient, and arbitrary because the city is discharging experienced truckdrivers whose performance has been satisfactory in favor of hiring inexperienced employees. Although the effect of establishing an eligibility list of classified truckdrivers will result in less demand for plaintiffs as experienced temporary and emergency drivers, that effect, in my view, cannot properly be characterized as a discharge. Moreover, while it is true that the city may incur some transitional expenses in training those employees who prevail in the merit competition and are found to be entitled under § 21 to fill the new vacancies, these transitional expenses are no greater than those that necessarily attend all job promotions and transfers in the civil service.

In my view, the majority's disposition of this case can only be explained as a response to the apparent inequity of releasing plaintiffs after they have served the city of St. Paul well for several years in a temporary, unclassified capacity. While I share the majority's concern for plaintiffs' future welfare, I am persuaded that § 21 embodies a reasonable employment policy which we are not at liberty to overturn.

OTIS, JUSTICE (dissenting).

I join in the dissenting opinion of Mr. Justice Rogosheske.

PETERSON, JUSTICE (dissenting).

I join in the dissenting opinion of Mr. Justice Rogosheske.