Charles W. ANDERSON, et al., Appellants,

v.

The CIVIL SERVICE COMMISSION OF the CITY OF ST. PAUL, et al., Respondents,

and

John D. Hegge, et al., Intervenors, Respondents.

No. 47565.

Supreme Court of Minnesota.

Oct. 28, 1977.

Kenneth E. Tilsen, St. Paul, for appellants.

Harriet Lansing, City Atty., Frank E. Villaume III, Asst. City Atty., St. Paul, for Civil Serv. Comm.

Hartke, Atkins & Montpetit, M. Eugene Atkins, So. St. Paul, for Hegge, et al.

Heard before KELLY, TODD, and YETKA, JJ., and considered and decided by the court en banc.

KELLY, Justice.

Plaintiffs appeal from various orders[1] of the district court denying them injunctive and declaratory relief to enforce rights allegedly secured by a prior decision of this court. We affirm.

This appeal involves interpretation of our decision in *Anderson v. City of St. Paul,* Minn., 241 N.W.2d 86 (1976). Plaintiffs were truckdrivers working as temporary or emergency employees for the City of· St. Paul. The city intended to hire additional permanent drivers and scheduled a competitive practical civil service examination for these positions. Upon learning that they would compete as original applicants and thus be at a disadvantage vis-a-vis other city employees with promotion rights, plaintiffs instituted suit.

While their appeal was pending before this court, defendant Civil Service Commission conducted the competitive practical examination. Plaintiffs and numerous other individuals participated. The results of the examination were not compiled until after this court's decision in *Anderson v. City of St. Paul, supra,* was filed. Applicants were ranked by test scores adjusted to reflect seniority. Since both employees seeking promotion and original applicants for city employment took the examination, two "eligible" lists—a promotion list and an original entrance list—were compiled from the names of applicants passing the examination. St. Paul Ordinance No. 3250, § 13. Plaintiffs' names appeared on both lists, and the ranking of their names apparently was determined by the number of hours they had worked for the city. Truckdriver vacancies were to be filled first by persons from the promotion list, according to their ranking, and then by persons from the original entrance list. St. Paul Ordinance No. 3250, § 21. Some plaintiffs failed the test and their names were not placed on either list.

Plaintiffs initiated the instant action to enjoin the commission from certifying applicants on the basis of the test results. They contend that this court's prior decision in *Anderson v. City of St. Paul, supra,* secured their status as truckdrivers and made their test scores irrelevant with respect to their eligibility for those positions. Alternatively, they alleged that even if relevant, the test results are invalid because the test was unfairly, discriminatorily, and arbitrarily administered. Other city employees in classified positions, who possessed promotion rights and had participated in the test, moved for and were granted intervenor status. The district court held that our decision in *Anderson v. City of St. Paul, supra,* merely equated plaintiffs with other city employees possessing promotion rights, against whom plaintiffs would have to compete in the examination to qualify for permanent positions as truckdrivers. It further held that plaintiffs' challenges to the validity of the test results could not be heard de novo in district court but were reviewable only on certiorari. The district court, however, did order that the commission transfer plaintiffs' names appearing on

---

1. Appeal from the court's order denying plaintiffs' motion for a new trial provides sufficient basis for us to review the issues presented. We thus do not rule on plaintiffs' petition for discretionary review.

the original entrance list to the promotion list in order to equate plaintiffs with other city employees and to distinguish them from original applicants for employment with the city.

■ The district court correctly interpreted our decision. Our concern was that plaintiffs, who had worked regularly for the city in some instances for up to 10 years but were nevertheless designated as temporary or emergency employees, be accorded the promotion rights available to other city employees. The initial practical examination given each plaintiff when he began work and his subsequent term of service for the city distinguished plaintiffs from original applicants for city employment and made them indistinguishable in fact from other city employees with promotion rights,[2] despite the city's efforts to distinguish them in law, which we condemned in our earlier opinion. We did not intend, as plaintiffs suggest, to promote plaintiffs to permanent positions without a further competitive examination. Since the district court equated plaintiffs with other city employees possessing promotion rights, we affirm its decision. The results of the competitive practical examination thus are relevant to the determination of plaintiffs' status with the city, and we must now reach the other issue raised by this appeal.

Plaintiffs alternatively sought to enjoin certification of drivers on the basis of the test results, because the testing process allegedly was invalid. The district court did not pass on the test's validity, holding instead that the issue was reviewable only on certiorari. Plaintiffs ask that we remand for a de novo hearing in district court and the granting of injunctive relief if plaintiffs substantiate their allegations.

■ Much of the force and logic of plaintiffs' position stems from their assertion that no statutory or municipal authority exists to provide an appropriate administrative hearing to challenge the test's validity.

The commission contends, however, that the grievance procedure embodied in the city's personnel rules will provide plaintiffs an adequate administrative hearing. Although the procedure outlined in the rules appears of rather limited scope,[3] the commission assured us at oral argument that plaintiffs will receive a full adjudicative hearing and cited examples of civil service examinations set aside in the past because of testing irregularities. We presume plaintiffs will be given a similar opportunity to substantiate their allegations. Since an adequate administrative remedy exists, plaintiffs must exhaust it before proceeding to the district court and "are not entitled to injunctive relief unless they can show that without it they will suffer imminent and irreparable harm of a substantial * * * character" at the hands of the administrative process. *Local 597 State Capitol Employees v. Quigley,* 269 Minn. 261, 262, 130 N.W.2d 489, 490 (1964).

Affirmed.

YETKA, Justice (dissenting).

I would hold that in our decision in *Anderson v. City of St. Paul,* Minn., 241 N.W.2d 86 (1976), we did intend that these drivers had secured their status as truckdrivers by reason of the exams they took when hired as temporary drivers and the period of service they had rendered. It appears ludicrous to me that the city found them competent to serve, albeit as temporary drivers, but now requires them to take additional tests to determine whether they are fit to be given permanent status. I feel compelled to add that the action of the Civil Service Commission taken with respect to these plaintiffs appears to be a deliberate manipulation of the rules—an abuse in fact—to deny these employees permanent status.

SHERAN, C. J., took no part in the consideration or decision of this case.

---

**2.** Promotion rights are available only to city employees who have held a classified position for 2 years. St. Paul Ordinance No. 3250, § 28.

**3.** See, St. Paul Ordinance, No. 3250, §§ 12B, 12C. But cf. St. Paul City Charter, § 12.04.02.

WAHL, J., not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.