George **PERSGARD**, Respondent,

v.

**GORDON C. CARROLL & SONS, INC.,
and Gordon C. Carroll, individually,
Appellants,**

No. C9–84–1401.

Court of Appeals of Minnesota.

Feb. 12, 1985.

Review Denied April 26, 1985.

Sidney E. Kaner, Duluth, for respondent.

Lawrence B. Stauber, Jr., Duluth, for appellants.

Heard, considered, and decided by WOZ-NIAK, P.J., and PARKER, and HUSPENI, JJ.

## OPINION

HUSPENI, Judge.

Gordon Carroll appeals from an order denying his motion for a new trial. Carroll maintains that the trial court committed reversible error in failing to take into account prior to entering judgment the respective expenses of the parties in performing a contract, and by failing to allow the jury to determine those expenses. Respondent Persgard claims that Carroll's service of the motion for new trial was not timely. We affirm.

## FACTS

George Persgard and Gordon Carroll, both from the Duluth area, had been friends and occasional business associates for 25 years.

In 1976, Carroll began performing contract work for the L.B. Foster Company, Pittsburgh, Pennsylvania. The work involved removing and dismantling abandoned railroad track in various parts of the United States. In January 1982, Carroll asked Persgard to join him in the dismantling business. Persgard agreed to help in a job at a railroad yard in Memphis, Tennessee. Carroll and Persgard split the proceeds from the Memphis job equally, after first deducting their expenses.

Carroll and Persgard also agreed to perform an additional job near Des Arc, Arkansas. Carroll alleges that the parties agreed, in a conversation in Stan Gershgol's Deli, Duluth, to divide the proceeds from the Des Arc job in an unequal manner. As Carroll would have more equipment on the job site and would perform the more time-consuming work, he would get 75% of the proceeds; Persgard, 25%. Persgard recalls no such conversation and insists that the parties were to split the proceeds as they had on the Memphis job—50/50, after deducting expenses.

Upon receiving his first payment from the L.B. Foster Company for the Des Arc job, Carroll issued a check for one-fourth of the amount, $4,611.50, to Persgard. Persgard brought suit, claiming he was entitled to 50% of the payment. Four more checks, each representing 25% of a payment on the contract, were deposited with the Clerk of Court, St. Louis County. The five checks total $16,682.

At trial, the testimony revealed that the proceeds from the Des Arc job totalled $66,000. Persgard testified that his expenses on the job were over $16,000. Carroll first claimed to have spent $71,000 on the job, then testified that this figure was inaccurate. At the close of the testimony, the jury was given one special interrogatory question: "What was the percentage of the division between the parties at the Des Arc job? 50%/50% or 75%/25%"? The jury's answer was "50%/50%." In judgment entered on May 3, 1984, Persgard was awarded $16,783.50 in damages.

On May 22, 1984, Carroll moved for a new trial on the grounds that the special

interrogatory submitted to the jury was incomplete in that it did not address the question of the parties' expenses. On June 25, 1984 Carroll's motion was denied.

On appeal, Carroll maintains that the court committed reversible error by failing to take into account the respective expenses of the parties in performing the Des Arc job prior to entering judgment, and by failing to allow the jury to determine these expenses. Persgard alleges untimely service of Carroll's motion for a new trial.

## ISSUES

1. Did the trial court err in not dismissing Carroll's motion for a new trial as untimely?

2. Did the trial court abuse its discretion in not granting Carroll's motion for a new trial?

3. Did the trial court abuse its discretion in awarding $16,783.50 in damages?

## I.

■ Persgard claims that Carroll failed to timely serve notice of his motion for a new trial. After a special verdict, the motion must be served within 15 days after service of notice of the filing of the trial court's order by either party to the action. Minn.R.Civ.P. 59.03; *Differt v. Rendahl*, 306 N.W.2d 813 (Minn.1981). Persgard's notice of filing of the trial court's order was dated May 14, 1984. Carroll's motion for new trial was served upon Persgard on May 23, 1984. This service was within the 15 days required by the rule, and was timely.

## II.

■ On appeal from an order denying a motion for a new trial, the court should review the issues presented to the trial court. *Anderson v. Civil Service Commission of the City of St. Paul*, 260 N.W.2d 460 (Minn.1977).

Carroll argues that the trial court committed reversible error in not asking the jury to decide the amount of expenses each party incurred in performing the Des Arc contract.

■ Not only does the trial court have the discretion to decide whether to use a special verdict, it has broad discretion as to what form that special verdict is to take. *Hill v. Okay Construction Company*, 312 Minn. 324, 340, 252 N.W.2d 107, 118 (1977). Only those questions raised by the pleadings and evidence which are important to the judgment to be rendered must be submitted to the jury. *Wormsbecker v. Donovan Construction Co.*, 247 Minn. 32, 47, 76 N.W.2d 643, 653 (1956).

■ Here, the only question the trial court submitted to the jury concerned the percentage of the division between the parties at the Des Arc job. The court had decided that there was insufficient evidence to submit the issue of the parties' expenses to the jury. We find no error in that determination. Although the record indicates that Persgard spent over $16,000 on the Des Arc job, it does not reveal Carroll's expenditures. Carroll testified and submitted records that he spent $71,000 on the job. However, on cross-examination he admitted that many of the figures included in the total were personal expenses. He seemed unable to recall or document in any way even a rough estimate of how much he spent in connection with the job. The evidence offered on damages was speculative and properly withheld from the jury.

## III.

■ The trial court entered judgment in the amount of $16,783.50. That amount represents 25% of the proceeds from the Des Arc job, plus costs, disbursements, and interest. It is clear from the record that in setting damages the trial court simply matched the 25% already paid to Persgard, thereby awarding him the 50% to which the jury had declared him entitled.

Carroll asks this court to recalculate the damages owed Persgard. Carroll would like this court to determine the amount of expenses each party incurred in connection with the Des Arc job, subtract that figure

from the $66,000 total contract price, divide by two, and award the quotient to Persgard, less the $16,682 he has already received. It is likely that such a calculation is indeed what the parties had in mind when they entered into the agreement. Persgard testified that such a division was the essence of the agreement. However, the parties simply did not present enough evidence on their expenditures to make such a calculation possible for either the trial court or this court.

"Where the parties fail to fully litigate an issue below, we cannot determine it on appeal." *Fryhling v. Acrometal Products, Inc.,* 269 N.W.2d 744, 747 (Minn. 1978).

### DECISION

Service of motion for new trial was timely.

The trial court did not abuse its discretion in failing to submit an expense question to the jury when evidence of expenses was insufficient.

The trial court's award of damages was consistent with the jury verdict.

Affirmed.